UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES McCAW, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:05-CV-114 (CEJ) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

This matter is before the Court upon the motion and supplemental motion of James McCaw to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response, and the issues are fully briefed.

I. **Background**

A superseding indictment charged McCaw with transporting stolen goods and vehicles in interstate commerce, in violation of 18 U.S.C. §§ 2312, 2314 and 2; and transferring without authorization Social Security numbers of others, with intent to commit and aid and abet unlawful activity, in violation of 18 U.S.C. § 1028(a)(7). The evidence at trial established that McCaw was the leader of a group that stole large trucks that were used to haul stolen construction and farming equipment to another state where the items were then sold. McCaw and his accomplices would then abandon the stolen trucks. McCaw selected the property to steal, arranged for the sale, and paid his accomplices from the proceeds. McCaw also provided stolen Social Security numbers to some of his accomplices who then used them to obtain credit or merchandise. The jury found McCaw guilty on eighteen counts.[1] On April 3, 2003, he

---

[1] Count 9 was dismissed by the government. McCaw was found not guilty on Counts 13 and 20.

was sentenced to concurrent terms of 120 months' imprisonment for the violations of 18 U.S.C. § 2312 and § 2314 in Counts 1-8, 10-12 and 14-16. He received a sentence of 142 months' imprisonment for each of the violations of 18 U.S.C. § 1028(a)(7) in Counts 17-19 and 21, to run concurrently with each other, but consecutively to the other counts. Thus, the aggregate term of imprisonment imposed was 262 months. A three-year term of supervised release was imposed, and McCaw was ordered to pay restitution in the sum of $229,993.00. The judgment was affirmed on appeal.

II. **Discussion**

McCaw asserts twelve grounds for relief in his motion to vacate. Included among them is a claim of ineffective assistance of counsel that he sets forth separately and incorporates into each of the other grounds for relief. The relevant facts will be set forth in the discussion of each ground.

With the exception of the ineffective assistance of counsel claim, all of the claims McCaw asserts could have been presented on appeal, but were not.[2] A motion to vacate is not a substitute for a direct appeal. See Boyer v. United States, 988 F.2d 56, 57 (8th Cir. 1993); Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992), *cert. denied*, 507 U.S. 945 (1993) [*citing* United States v. Frady, 456 U.S. 152 (1982)]. Absent a showing of cause and prejudice, a movant cannot assert a claim in a § 2255 proceeding that could have been asserted on appeal. Id. In order to show cause, the movant must establish that "some objective factor external to the defense" impeded his ability to present his claim on appeal. McCleskey v. Zant, 499 U.S. 467, 493 (1991)[*quoting* Murray v. Carrier, 477 U.S. 478, 488 (1986)]. Ineffective assistance

---

[2]McCaw's challenges to the admission of evidence under Rule 404(b) of the Federal Rules of Evidence and to the Court's refusal to remove a juror were the only issues raised on appeal.

of counsel or a showing of actual innocence may constitute cause sufficient to exempt a movant from the procedural bar. Id. at 494.

Because McCaw asserts a claim of ineffective assistance of counsel, the Court will consider the merits of the grounds that would otherwise be subject to the procedural bar. The court notes, however, that McCaw makes no claim, let alone any showing, of actual innocence.

### A. Ground One

Counts 17-19 and 21 charged McCaw with identity fraud, in violation of 18 U.S.C. § 1028(a)(7). In his first ground for relief, McCaw argues that the sentence imposed for the identity fraud charges was unlawfully enhanced based on facts found by the Court instead of by the jury. The statutory penalty for violation of § 1028(a)(7) is set forth in § 1028(b). At the time the crimes in this case were committed, the maximum term of imprisonment was 15 years, if the person committing the offense used a means of identification to obtain anything of value aggregating more than $1,000 within a one-year period. 18 U.S.C. § 1028(b)(1)(D). If the offense did not involve this monetary amount, then the maximum term of imprisonment was three years. McCaw contends that the 142-month sentence was based on the Court's finding that he obtained property valued at more than $1,000, when it was up to the jury to make this finding.

In support of this argument, McCaw cites to Apprendi v. New Jersey, 530 U.S. 466 (2000), which holds that any fact that increases the penalty for a crime beyond the statutory maximum, other than the fact of a prior conviction, must be determined by the jury. Here, unlike the defendant in Apprendi, McCaw faced a maximum sentence of 15 years' imprisonment. The sentence of 142 months that was imposed did not

result from an enhancement, and did not exceed the statutory maximum. McCaw's reliance on <u>Apprendi</u> is misplaced.

**B. Ground Two:**

In Counts 2, 4, 8, 10, 12 and 14, McCaw was charged with unlawfully transporting in interstate commerce stolen goods valued at $5,000 or more, in violation of 18 U.S.C. § 2314. The "stolen goods" consisted of all-terrain vehicles (ATVs), commercial mowers, a skid loader and a backhoe. As his second ground for relief, McCaw asserts that he should have been charged under 18 U.S.C. § 2312, because the items involved in these counts were motor vehicles.

The government proved at trial McCaw used stolen motor vehicles--- trailers and trucks---to transport the stolen goods that were involved in the § 2314 counts. The trucks and trailers were charged in other counts of the indictment as violations of § 2312. Nothing prohibited the government from prosecuting as "stolen goods" property that is also "motor vehicles." The broader statute (§ 2314) encompasses a wide range of property, and can reasonably be read to include motor vehicles valued at $5,000 or more.

Both statutes provide for a maximum sentence of imprisonment of 10 years. Thus, McCaw faced the same penalty whether the property was classified as stolen goods or as stolen motor vehicles. Accordingly, McCaw was not prejudiced by the government's election to prosecute him under § 2314.[3]

**C. Ground Three**

In the third ground for relief, McCaw asserts that the DNA evidence obtained from him should have been suppressed because it was procured while he was illegally

---

[3]Indeed, by electing to charge the stolen property as "goods" as opposed to "motor vehicles" the government took on the added burden of proving the value of the property.

detained. He claims that following his warrantless arrest, he was held in detention beyond the 20-hour limit authorized by Mo.Rev.Stat § 544.170.[4]

This claim is belied by the transcript of McCaw's state court testimony and the records of this Court which conclusively show that the length of McCaw's state detention was less than 20 hours. Additionally, as McCaw was prosecuted in state court for the crimes for which he was initially arrested, there is no basis for a claim of collusion between the federal and state authorities. See e.g., United States v. Roberts, 928 F.Supp. 910, 937 (W.D.Mo. 1996)(use of Missouri's 20-hour hold law by cooperating state authorities to effect an arrest solely for purpose of aiding a federal investigation held to be an impermissible circumvention of Fed.R.Crim.P. 5). Finally, the evidence establishes that McCaw was taken into federal custody, a complaint and arrest warrant were issued by a magistrate judge, and he was presented to the magistrate judge for an initial appearance all on the same day—— June 20, 2002. Thus, there is no basis for any claim of violation of Rule 5(a).

### D. Ground Four

McCaw asserts in Ground Four that his sentence was improperly enhanced based on factors that were neither alleged in the indictment nor found by the jury. Specifically, he points to the adjustments to his offense level calculation under the Sentencing Guidelines[5] based on the amount of the loss [U.S.S.G. § 2B1.1(b)(1)(J)], the number of victims [U.S.S.G. § 2B1.1(b)(2)(A)], involvement in the business of receiving and selling stolen property [U.S.S.G. § 2b1.1(b)(4)], role in the offense as

---

[4]In its current version, the statute provides for a 24-hour limit on detention of suspects who have not been charged.

[5]Unless otherwise noted, all references are to the 2002 Sentencing Guidelines which were applied in this case.

−5−

an organizer/leader [U.S.S.G. § 3B1.1(a)], and obstruction of justice [U.S.S.G. § 3C1.1].[6]

Again, McCaw's reliance on Apprendi is misplaced. The Court's determination of these guideline factors did not enhance McCaw's sentence above the statutory maximum. Moreover, the evidence supporting these guideline adjustments to the offense level calculation was more than sufficient.

### E. Ground Five

McCaw's fifth claim is that the Court lacked jurisdiction over some of the charges of interstate transportation of stolen goods and stolen motor vehicles, because the offenses were committed either in the Western District of Missouri or in another state. He also claims that the government failed to allege venue in the indictment.

Each count of the superseding indictment contains an allegation that the offense was committed in the Eastern District of Missouri. McCaw's claim to the contrary is without merit.

The venue statute relevant to prosecutions under 18 U.S.C. § 2312 or § 2314 provides:

> Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

18 U.S.C. § 3237(a)(1). The evidence presented at trial established that the goods/motor vehicles were either stolen in or transported in the Eastern District of Missouri. Accordingly, McCaw is not entitled to relief on Ground Five.

### F. Ground Six

---

[6] At sentencing, the Court rejected the adjustment for obstruction of justice.

McCaw claims that the Court erred in rejecting his *pro se* Rule 33 motions for a new trial. Because McCaw was represented by counsel, the Court properly refused to accept his *pro se* motions. A district court is not required to consider *pro se* motions filed by a party who is represented by counsel. <u>Abdullah v. United States</u>, 240 F.3d 683, 686 (8th Cir. 2001).

G. **Ground Seven**

McCaw's seventh claim is that the indictment was constructively amended as a result of the prosecutor's repeated use of the words "scheme" and "conspiracy." Because there was no evidence of a scheme or conspiracy, the government failed to prove an essential element of the offenses.

McCaw does not point to any specific instance in which "scheme" or "conspiracy" was mentioned during the trial; it is not incumbent on the Court to search the lengthy transcript in an effort to find these references. What is clear, though, is that the superseding indictment did not charge a scheme or a conspiracy in any count, and the government was not required to prove the existence of either. Further, the jury was not instructed to determine whether a scheme or conspiracy existed. Rather, the jury was instructed to determine whether McCaw committed the crimes charged in the indictment----not whether he committed some uncharged offense. Therefore, McCaw is not entitled to relief on this claim.

H. **Ground Nine**

In his ninth ground for relief, McCaw argues that he was illegally sentenced to consecutive terms of imprisonment.

McCaw's total offense level under the Sentencing Guidelines was 32 and his criminal history category was VI, resulting in an imprisonment range of 210-262 months. The maximum sentence of imprisonment for the violations of § 2312 and

2314 was ten years, and the maximum for the violations of § 1028(a) was fifteen years. Section 5G1.2(d) of the Sentencing Guidelines provides:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

Thus, consecutive sentencing was required in order to reach the guideline range of imprisonment.

McCaw's citation to United States v. Diaz, 296 F.3d 680 (8th Cir.), *cert. denied*, 537 U.S. 940 (2002), is unavailing. In Diaz, the court reaffirmed its earlier holding in United States v. Sturgis, 238 F.3d 956 (8th Cir. 2001), that "an *Apprendi* error in sentencing does not violate a defendant's substantial rights in a case in which the district court would have otherwise imposed the same sentence because of the mandatory imposition of consecutive sentences under U.S.S.G. § 5G1.2(d)." Diaz, 296 F.3d at 683 (citation omitted). Accordingly, McCaw is not entitled to relief on this claim.

I. Ground Ten

McCaw claims that his convictions under the § 2312 and § 2314 counts constitute double jeopardy. The basis for this claim is his contention that for each count involving the theft of a truck there was a corresponding count involving the theft of property within the truck.

In making this claim, McCaw attempts to give the impression that the stolen goods were contained in the trucks at the time the trucks were stolen. That was not the evidence presented at trial. To the contrary, the evidence established that McCaw first stole a truck, then drove it to a location where he stole merchandise, and then

loaded the stolen merchandise onto the truck. Although there were instances in which the truck and the merchandise were stolen on the same day (see Counts 2 and 3 and Counts 4 and 5), each theft was a separate crime. McCaw's double jeopardy claim fails.

### J. Ground Twelve

McCaw claims that his sentence was unlawfully enhanced by the application of the guideline adjustment for being in the business of buying and selling stolen property. Section 2B1.1(b)(4) of the Sentencing Guidelines provides for a two-level increase in the base offense level if the offense involved receiving stolen property and the defendant was in the business of receiving and selling stolen property. The evidence at trial established that McCaw routinely stole property which he later sold. Thus, the application of § 2B1.1(b)(4) was appropriate. See United States v. Collins, 104 F.3d 143, 144 (8th Cir. 1997)(defendant was in the business of receiving and selling stolen property when he received proceeds from an auction house's sale of property defendant had stolen).

### K. Grounds Eight and Eleven

McCaw claims that he was denied effective assistance of counsel as a result of his attorney's failure to raise, at the trial and appellate stages, the issues he presents in Grounds One through Seven, Nine, Ten and Twelve of his § 2255 motion. He also claims ineffective assistance based on his attorney's failure to file a petition for a writ of certiorari.

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range

of professionally reasonable assistance. Id. at 689. In order to show prejudice in the context of a guilty plea, the movant must demonstrate that if it were not for counsel's errors, he would have not pled guilty, but instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). The failure to show prejudice is dispositive. A court need not address the reasonableness of the attorney's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

As discussed above, the issues McCaw raises in his motion to vacate lack merit. Consequently, his attorney cannot be deemed ineffective for not presenting them during the trial and appellate proceedings. See Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994) ("Dyer's claims of ineffective assistance of counsel fail because we have just rejected as meritless the claim Dyer asserts counsel should have pursued.").

McCaw submits no proof that he asked his attorney to file a petition for a writ of certiorari. The case he cites in support of his claim, Wilkins v. United States, 441 U.S. 468 (1979), is therefore inapposite. Indeed, by the time the petition would have been due, McCaw's attorney had been granted leave to withdraw and thus McCaw was not represented by counsel. Even if McCaw's alleged request had been made before his attorney's withdrawal, he cannot establish that he was prejudiced by counsel's refusal to fulfill the request. To establish prejudice, McCaw must show (1) that he would have succeeded in obtaining a writ of certiorari and (2) a reasonable probability that he would have obtained relief as to his sentence. Steele v. United States, 518, 986, 988-989 (8th Cir. 2008). He does not make the required showing here.

III. Conclusion

For the foregoing reasons, the Court concludes that McCaw is not entitled to the relief he seeks. The Court finds that McCaw has not made a substantial showing of the

denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　CAROL E. JACKSON
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2011.